## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| **Caliber Home Loans, Inc.** | CIVIL ACTION NO: |
| **Plaintiff** | COMPLAINT |
| vs. | |
| **Cami-Leigh D. Googins** | RE:<br>**326 Poland Spring Road, Casco, ME 04015** |
| **Defendant** | Mortgage:<br>**March 24, 2017**<br>**Book 33905, Page 207** |

NOW COMES the Plaintiff, Caliber Home Loans, Inc., by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendant, Cami-Leigh D. Googins, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendant are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by Caliber Home Loans, Inc., in which the Defendant, Cami-Leigh D. Googins, is the obligor and the total amount owed under the terms of the Note is Ninety Thousand Five Hundred Thirty-

Two and 14/100 ($90,532.14) Dollars, plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. Caliber Home Loans, Inc. is a corporation with its principal place of business located at 13801 Wireless Way, Oklahoma City, OK 73134.

5. The Defendant, Cami-Leigh D. Googins, is a resident of Casco, County of Cumberland and State of Maine.

## FACTS

6. On March 24, 2017, by virtue of a Warranty Deed from Nathaniel Hurteau, which is recorded in the Cumberland County Registry of Deeds in **Book 33905, Page 205**, the property situated at 326 Poland Spring Road, Casco, County of Cumberland, and State of Maine, was conveyed to the Defendant, Cami-Leigh D. Googins, being more particularly described by the attached legal description. *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

7. On March 24, 2017, the Defendant, Cami-Leigh D. Googins, executed and delivered to Caliber Home Loans, Inc. a certain Note in the amount of $78,551.00. *See* Exhibit B (a true and correct copy of the Note is attached hereto and incorporated herein).

8. To secure said Note, on March 24, 2017, the Defendant executed a Mortgage Deed in favor of Mortgage Electronic Registration Systems, Inc. as nominee for Caliber Home Loans, Inc., securing the property located at 326 Poland Spring Road, Casco, ME 04015 which Mortgage Deed is recorded in the Cumberland County Registry of Deeds in **Book 33905**, **Page 207**. *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

9. The Mortgage was then assigned to Caliber Home Loans, Inc. by virtue of an Assignment of Mortgage dated November 15, 2017 and recorded in the Cumberland County Registry of Deeds in **Book 34466**, **Page 246**. *See* Exhibit D (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

10. On April 2, 2019, the Defendant, Cami-Leigh D. Googins, was sent a Notice of Mortgagor's Right to Cure, as evidenced by the Certificate of Mailing (herein after referred to as the "Demand Letter"). *See* Exhibit E (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

11. The Demand Letter informed the Defendant, Cami-Leigh D. Googins, of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter. *See* Exhibit E.

12. The Defendant, Cami-Leigh D. Googins, failed to cure the default prior to the expiration of the Demand Letter.

13. The Plaintiff, Caliber Home Loans, Inc., is the present holder of the Note pursuant to endorsement by the previous holder (if applicable), payment of value and physical possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., 10 M.R.S. § 9416, and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

14. The Plaintiff, Caliber Home Loans, Inc., is the lawful holder and owner of the Note and Mortgage.

15. The Plaintiff, Caliber Home Loans, Inc., hereby certifies that all steps mandated by law to provide notice to the mortgagor pursuant to 14 M.R.S.A. § 6111 were strictly performed.

16. The total debt owed under the Note and Mortgage as of August 23, 2019 is Ninety Thousand Five Hundred Thirty-Two and 14/100 ($90,532.14) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $78,010.86 |
| Interest | $6,631.61 |
| Escrow/Impound Required | $5,430.77 |
| Late Fees | $264.18 |
| Total Advances | $90.00 |
| FHA/MI Premium Due | $104.72 |
| Grand Total | $90,532.14 |

17. Upon information and belief, the Defendant, Cami-Leigh D. Googins, is presently in possession of the subject property originally secured by the Mortgage.

## COUNT I – FORECLOSURE

18. The Plaintiff, Caliber Home Loans, Inc., repeats and re-alleges paragraphs 1 through 17 as if fully set forth herein.

19. This is an action for foreclosure respecting a real estate related Mortgage and title located at 326 Poland Spring Road, Casco, County of Cumberland, and State of Maine. *See* Exhibit A.

20. The Plaintiff, Caliber Home Loans, Inc., is the holder of the Note referenced in Paragraph 11 pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid Note in conformity with Title 11, section 3-1201, et seq. of the Maine

Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929). As such, Plaintiff, Caliber Home Loans, Inc., has the right to foreclosure upon the subject property.

21. The Plaintiff, Caliber Home Loans, Inc., is the current owner and investor of the aforesaid Mortgage and Note.

22. The Defendant, Cami-Leigh D. Googins, is presently in default on said Mortgage and Note, having failed to make the monthly payment due October 1, 2017, and all subsequent payments, and, therefore, has breached the condition of the aforesaid Mortgage and Note.

23. The total debt owed under the Note and Mortgage as of August 23, 2019 is Ninety Thousand Five Hundred Thirty-Two and 14/100 ($90,532.14) Dollars, which includes

| *Description* | Amount |
| --- | --- |
| Principal Balance | $78,010.86 |
| Interest | $6,631.61 |
| Escrow/Impound Required | $5,430.77 |
| Late Fees | $264.18 |
| Total Advances | $90.00 |
| FHA/MI Premium Due | $104.72 |
| Grand Total | $90,532.14 |

24. The record established through the Cumberland County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

25. By virtue of the Defendant's breach of condition, the Plaintiff hereby demands a foreclosure on said real estate.

26. Notice in conformity with 14 M.R.S.A. §6111 was sent to the Defendant, Cami-Leigh D. Googins, on April 2, 2019, evidenced by the Certificate of Mailing. *See* Exhibit E.

27. The Defendant, Cami-Leigh D. Googins, is not in the Military as evidenced by the attached Exhibit F.

## COUNT II – BREACH OF NOTE

28. The Plaintiff, Caliber Home Loans, Inc., repeats and re-alleges paragraphs 1 through 27 as if fully set forth herein.

29. On March 24, 2017, the Defendant, Cami-Leigh D. Googins, executed and delivered to Caliber Home Loans, Inc. a certain Note in the amount of $78,551.00. *See* Exhibit B.

30. The Defendant, Cami-Leigh D. Googins, is in default for failure to properly tender the October 1, 2017 payment and all subsequent payments. *See* Exhibit E.

31. The Plaintiff, Caliber Home Loans, Inc., is the proper holder of the Note and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, Cami-Leigh D. Googins.

32. The Defendant, Cami-Leigh D. Googins, having failed to comply with the terms of the Note and Mortgage, is in breach of both the Note and the Mortgage.

33. The Defendant Cami-Leigh D. Googins's breach is knowing, willful, and continuing.

34. The Defendant Cami-Leigh D. Googins's breach has caused Plaintiff Caliber Home Loans, Inc. to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

35. The total debt owed under the Note and Mortgage as of August 23, 2019, if no payments are made, is Ninety Thousand Five Hundred Thirty-Two and 14/100 ($90,532.14) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $78,010.86 |
| Interest | $6,631.61 |
| Escrow/Impound Required | $5,430.77 |
| Late Fees | $264.18 |
| Total Advances | $90.00 |
| FHA/MI Premium Due | $104.72 |
| Grand Total | $90,532.14 |

36. Injustice can only be avoided by awarding damages for the total amount owed under the Note including interest, plus costs and expenses, including attorney fees.

## COUNT III – BREACH OF CONTRACT, MONEY HAD AND RECEIVED

37. The Plaintiff, Caliber Home Loans, Inc., repeats and re-alleges paragraphs 1 through 36 as if fully set forth herein.

38. By executing, under seal, and delivering the Note, the Defendant, Cami-Leigh D. Googins, entered into a written contract with Caliber Home Loans, Inc. who agreed to loan the amount of $78,551.00 to the Defendant.  *See* Exhibit B.

39. As part of this contract and transaction, the Defendant, Cami-Leigh D. Googins, executed the Mortgage to secure the Note and the subject property.  *See* Exhibit C.

40. The Plaintiff, Caliber Home Loans, Inc., is the proper holder of the Note and successor-in-interest to Caliber Home Loans, Inc., and has performed its obligations under the Note and Mortgage.

41. The Defendant, Cami-Leigh D. Googins, breached the terms of the Note and Mortgage by failing to properly tender the October 1, 2017 payment and all subsequent payments.  *See* Exhibit E.

42. The Plaintiff, Caliber Home Loans, Inc., is the proper holder of the Note, and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, Cami-Leigh D. Googins.

43. The Defendant, Cami-Leigh D. Googins, having failed to comply with the terms of the Note and Mortgage, is in breach of contract.

44. The Defendant, Cami-Leigh D. Googins, is indebted to Caliber Home Loans, Inc. in the sum of Ninety Thousand Five Hundred Thirty-Two and 14/100 ($90,532.14) Dollars, for money lent by the Plaintiff, Caliber Home Loans, Inc., to the Defendant.

45. Defendant Cami-Leigh D. Googins's breach is knowing, willful, and continuing.

46. Defendant Cami-Leigh D. Googins's breach has caused Plaintiff, Caliber Home Loans, Inc., to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

47. The total debt owed under the Note and Mortgage as of August 23, 2019, if no payments are made, is Ninety Thousand Five Hundred Thirty-Two and 14/100 ($90,532.14) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $78,010.86 |
| Interest | $6,631.61 |
| Escrow/Impound Required | $5,430.77 |
| Late Fees | $264.18 |
| Total Advances | $90.00 |
| FHA/MI Premium Due | $104.72 |
| Grand Total | $90,532.14 |

48. Injustice can only be avoided by awarding damages for the total amount owed under the Note and Mortgage, and for money had and received, including interest, plus costs and expenses, including attorney fees.

## COUNT IV – QUANTUM MERUIT

49. The Plaintiff, Caliber Home Loans, Inc., repeats and re-alleges paragraphs 1 through 48 as if fully set forth herein.

50. Caliber Home Loans, Inc., predecessor-in-interest to Caliber Home Loans, Inc., loaned Defendant, Cami-Leigh D. Googins, $78,551.00. *See* Exhibit B.

51. The Defendant, Cami-Leigh D. Googins, is in default for failure to properly tender the October 1, 2017 payment and all subsequent payments. *See* Exhibit E.

52. As a result of the Defendant Cami-Leigh D. Googins's failure to perform under the terms of their obligation, the Defendant, should be required to compensate the Plaintiff, Caliber Home Loans, Inc..

53. As such, the Plaintiff, Caliber Home Loans, Inc., is entitled to relief under the doctrine of *quantum meruit*.

## COUNT V – UNJUST ENRICHMENT

54. The Plaintiff, Caliber Home Loans, Inc., repeats and re-alleges paragraphs 1 through 53 as if fully set forth herein.

55. Caliber Home Loans, Inc., predecessor-in-interest to Caliber Home Loans, Inc., loaned the Defendant, Cami-Leigh D. Googins, $78,551.00. *See* Exhibit B.

56. The Defendant, Cami-Leigh D. Googins, has failed to repay the loan obligation.

57. As a result, the Defendant, Cami-Leigh D. Googins, has been unjustly enriched to the detriment of the Plaintiff, Caliber Home Loans, Inc. as successor-in-interest to Caliber

    Home Loans, Inc. by having received the aforesaid benefits and money and not repaying said benefits and money.

58. As such, the Plaintiff, Caliber Home Loans, Inc., is entitled to relief.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, Caliber Home Loans, Inc., prays this Honorable Court:

a) Issue a judgment of foreclosure in conformity with Title 14 § 6322;

b) Grant possession to the Plaintiff, Caliber Home Loans, Inc., upon the expiration of the period of redemption;

c) Find that the Defendant, Cami-Leigh D. Googins, is in breach of the Note by failing to make payment due as of October 1, 2017, and all subsequent payments;

d) Find that the Defendant, Cami-Leigh D. Googins, is in breach of the Mortgage by failing to make payment due as of October 1, 2017, and all subsequent payments;

e) Find that the Defendant, Cami-Leigh D. Googins, entered into a contract for a sum certain in exchange for a security interest in the subject property;

f) Find that the Defendant, Cami-Leigh D. Googins, is in breach of contract by failing to comply with the terms and conditions of the Note and Mortgage by failing to make the payment due October 1, 2017 and all subsequent payments;

g) Find that the Plaintiff, Caliber Home Loans, Inc., is entitled to enforce the terms and conditions of the Note and Mortgage;

h) Find that by virtue of the money retained by the Defendant, Cami-Leigh D. Googins has been unjustly enriched at the Plaintiff's expense;

i) Find that such unjust enrichment entitles the Plaintiff, Caliber Home Loans, Inc., to restitution;

j) Find that the Defendant, Cami-Leigh D. Googins, is liable to the Plaintiff, Caliber Home Loans, Inc., for money had and received;

k) Find that the Defendant, Cami-Leigh D. Googins, is liable to the Plaintiff for quantum meruit;

l) Find that the Defendant, Cami-Leigh D. Googins, has appreciated and retained the benefit of the Mortgage and the subject property;

m) Find that it would be inequitable for the Defendant, Cami-Leigh D. Googins, to continue to appreciate and retain the benefit of the Mortgage, Note and subject property without recompensing the appropriate value;

n) Find that the Plaintiff, Caliber Home Loans, Inc., is entitled to restitution for this benefit from the Defendant, Cami-Leigh D. Googins;

o) Determine the amount due on said Mortgage and Note, including principal, interest, reasonable attorney's fees and court costs;

p) Additionally, issue a money judgment against the Defendant, Cami-Leigh D. Googins, and in favor of the Plaintiff, Caliber Home Loans, Inc., in the amount of Ninety Thousand Five Hundred Thirty-Two and 14/100 ($90,532.14 Dollars, the total debt owed under the Note plus interest and costs including attorney's fees and costs;

q) For such other and further relief as this Honorable Court deems just and equitable.

                                                Respectfully Submitted,
                                                Caliber Home Loans, Inc.,
                                                By its attorneys,

Dated:  August 13, 2019

                                                <u>/s/ John A. Doonan, Esq.</u>
                                                <u>/s/ Reneau J. Longoria, Esq.</u>
                                                John A. Doonan, Esq., Bar No. 3250
                                                Reneau J. Longoria, Esq., Bar No. 5746
                                                Attorneys for Plaintiff
                                                Doonan, Graves & Longoria, LLC
                                                100 Cummings Center, Suite 225D
                                                Beverly, MA 01915
                                                (978) 921-2670
                                                JAD@dgandl.com
                                                RJL@dgandl.com